# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JASON MCGRENERA, )<br>)<br> *Plaintiff*, )<br>)   **CASE NO. 3:21-cv-109**<br>v. )<br>)   **JURY DEMANDED**<br>ROANE METALS GROUP, LLC, )<br>ROANE TRANSPORTATION SERVICES, )<br>LLC, and ROANE SPECIALIZED )   Chief Judge Travis R. McDonough<br>SERVICES, LLC, )   Magistrate Judge Debra C. Poplin<br>)<br> *Defendants*. | |

## AGREED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, it is hereby ORDERED that the confidential and proprietary nature of all documents, testimony, answers to interrogatories and all other information in whatever form produced or given by any person pursuant to pretrial discovery in this action ("Discovery Materials") shall be protected and governed as follows:

  1.  Any party or non-party required to produce documents in connection with these proceedings may designate Discovery Materials relating to financial information, medical information, employee information, and/or proprietary business information as confidential by either physically marking them as "confidential" or by separately producing and copying such information and notifying the discovery party in writing of their protected nature. The parties shall endeavor to redact any personal identifying information such as dates of birth or Social Security numbers. All such confidential information, including each and every portion thereof and any materials contained therein ("Confidential Discovery Materials"), shall be used for the purpose of these proceedings and shall not be disclosed by a non-party to any person except:

a. Counsel of record for any party, including associated or general counsel, and the legal associates, student attorneys, paralegals, legal assistants or other support staff of such counsel assisting in the preparation of this action;

b. Those directors, officers, and employees of the parties, and other parties, witnesses and potential witnesses, with whom counsel determines it is necessary to confer in the preparation of this action;

c. Independent experts or consultants employed by counsel for the purpose of assisting counsel with this action;

d. Witnesses and court reporters at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

e. Any court, including this Court, or appellate body which has cause to consider any of the issues raised in this action;

f. Any other person upon written consent from the party which produced or gave such Confidential Discovery Materials; and

g. Any other person or entity to whom this Court determines disclosure is appropriate.

2. Prior to disclosing Confidential Discovery Materials to any person listed in Paragraph 1a-g, the disclosing party shall notify the person receiving the Confidential Discovery Materials, about this Protective Order and provide him or her with a copy of the Protective Order. Any person receiving Confidential Discovery Materials shall keep them separate and inaccessible and shall not reveal or discuss such materials to or with any person not entitled to disclosure as herein provided.

2

Case 3:21-cv-00109-TRM-DCP   Document 27   Filed 09/10/21   Page 2 of 5   PageID #: 82

3. Any party wishing to file any Confidential Material under seal with the Court shall adhere to the requirements of Local Rule 26.2 and the Court's order regarding sealing confidential information entered in this case at Docket No. 9.

4. If any party objects to another party's designation of Discovery Materials as confidential, it shall give counsel for the party making such designation written notice of such objection, setting further the reasons supporting the objections. Counsel for the party making the designation shall then respond in writing to the objection within fourteen (14) business days of its receipt. If, after receiving the response, the party making the designation refuses to withdraw the designation, the party objecting to the designation may, upon reasonable notice, apply to the Court for a ruling on whether the Discovery Materials should be treated as confidential. Unless and until the Court enters an order changing the designation of said Discovery Materials, however, said Discovery Materials shall be treated as Confidential Discovery Materials as provided herein.

5. Counsel for the parties shall confer prior to the trial or hearing of this action in an effort to agree upon a procedure to ensure the continuing confidentiality of Confidential Discovery Materials. In the event an agreement is not reached, however, the issue may be submitted to the Court by motion, upon notice to counsel for the parties.

6. Upon termination of this action, including any appeals, and upon written request, all copies of the Confidential Discovery Materials and all extracts, analyses, summaries or notes derived therefrom shall either be returned to counsel for the opposing parties or shall be forever preserved as confidential by the party in possession of same with written confirmation that steps will be taken to preserve the Confidential Discovery Materials in accordance with the terms of this Order forever.

3

Case 3:21-cv-00109-TRM-DCP   Document 27   Filed 09/10/21   Page 3 of 5   PageID #: 83

7. Nothing herein shall affect or restrict the rights of any party with respect to its own documents.

8. Persons having knowledge of Confidential Discovery Materials by virtue of their participation in the conduct of this litigation shall use the Confidential Discovery Materials for that purpose only, and shall not disclose Confidential Discovery Materials to any person or persons not involved in the conduct of the litigation.

9. By agreeing to this Agreed Protective Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery, or to the admissibility of evidence.

10. This Agreed Protective Order is without prejudice to this right of any party to seek its modification or amendment by further order of this Court.

11. Nothing in this Agreed Protective Order shall be construed to grant either party to this action the right to file any document or thing under seal without the approval of this Court. Such approval shall be obtained through a good cause hearing before the Court.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

APPROVED FOR ENTRY:


s/ Christopher J. Barrett
Kenneth A. Weber, BPR No. 015730
Christopher J. Barrett, BPR No. 032978
*(admitted pro hac vice)*
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Telephone: (615) 726-7369
Facsimile: (615) 744-7369
Email: kweber@bakerdonelson.com
Email: cbarrett@bakerdonelson.com

Attorneys for Defendants


s/ Nathaniel D. Moore (w/ permission CJB)
Beecher A. Bartlett, Jr. (BPR # 010198)
Nathaniel D. Moore (BPR # 031520)
Attorney for Plaintiff
Kramer Rayson LLP
P. O. Box 629
Knoxville, Tennessee 37901
Telephone: (865) 525-5134
Email: bbartlett@kramer-rayson.com
Email: nmoore@kramer-rayson.com

Attorneys for Plaintiff